UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18-cr-00307 |
| --- | --- | --- |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| RICHODE MEREDITH-HILL, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the report and recommendation ("R&R") (Doc. No. 30) of the magistrate judge addressing defendant Richode Meredith-Hill's motion to suppress (Doc. No. 25 ["Mot."]). For the reasons discussed herein, defendant's objections to the R&R are OVERRULED, the R&R is ACCEPTED, and the motion is DENIED.

I. BACKGROUND

On October 5, 2018, defendant filed a motion to suppress statements made during his May 24, 2018 interview with the FBI. In his motion, defendant contends that the waiver of his Miranda rights was "neither rational nor intelligent" and that "promises of leniency were objectively coercive and illusory." (Mot. at 89–90.[1]) Defendant's motion to suppress was referred to Magistrate Judge George J. Limbert, who conducted a hearing on October 17, 2018. On October 18, 2018, Magistrate Judge Limbert issued his R&R recommending that the Court deny

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

defendant's motion to suppress and find that the defendant made his statements knowingly and voluntarily. (Doc. No. 30.) Defendant filed timely objections to the R&R. (Doc. No. 31 ["Obj."].)

## II. STANDARD OF REVIEW

When a party timely objects to a magistrate judge's report and recommendation on a motion to suppress, a district court must conduct a de novo review of those portions of the report and recommendation to which a proper objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After review, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

A general objection—"[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before"—is not considered a proper objection for the district court's review. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* LR 72.3(a) (stating any objecting party shall file written objections "which shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto"). A general objection to an R&R has the same effect as a failure to object. *Aldrich*, 327 F. Supp. 2d at 747–48. A general objection waives de novo review by the district court and appellate review of the district court's decision. *Brandeberry v. Johnson*, No. 3:12-cv-1185, 2015 WL 1505704, at *6 (N.D. Ohio Apr. 1, 2015).

## III. DISCUSSION

Defendant argues in his objection to the R&R that the magistrate judge erred in concluding that defendant made his statements knowingly and voluntarily. Defendant does not argue that the

2

magistrate judge misapplied the law or misconstrued the facts. Instead, defendant simply disagrees with how the magistrate judge applied the facts to the law, all while repeating the same argument from his original motion to suppress. The only thing defendant adds to his argument is his belief that all courts should apply more lenient standards when deciding whether a suspect's *Miranda* rights have been waived knowingly and voluntarily. (Obj. at 121-123 (citing law review articles for defendant's position that the current *Miranda* jurisprudence does not adequately protect defendants' rights).) Yet, defendant does not cite any case law that directs this Court to apply the law how defendant posits it should be applied. (*See id.*)

Further, defendant contends that his statements are untrustworthy. Defendant claims that "SA Hasty and the undersigned agreed that the statements made by the [d]efendant are not trustworthy." (Obj. at 123.) But defendant misrepresents the testimony. SA Hasty testified that "there's elements of truth intermixed with untruths within [defendant's] statement during the interview." In any event, the trustworthiness of a voluntary confession is exactly the type of factual inquiry the jury can—and should—decide. *Crane v. Kentucky*, 476 U.S. 683, 688, 106 S. Ct. 2142, 90 L. Ed. 2d 636 (1986) ("[Q]uestions of credibility, whether of a witness or of a confession, are for the jury . . . ." (quotation marks omitted)).

Defendant's objections fail because they are improper general objections that merely restate the argument from his original motion and disagree with the magistrate judge's conclusion,

without specifically identifying how the magistrate judge erred. For these reasons alone, the objections are properly overruled.

Even if the Court were required to undertake an independent review, the Court finds that the R&R contains no error of law or fact.

In his motion to suppress, defendant contends that the waiver of his *Miranda* rights was "neither rational nor intelligent" and that "promises of leniency were objectively coercive and illusory." (Mot. at 89–90.) Under *Miranda*, "[t]he prosecution may not use statements . . . stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Custodial statements must be suppressed unless the government proves by a preponderance of the evidence that the statements were made voluntarily, knowingly, and intelligently. *United States v. Al-Cholan*, 610 F.3d 945, 954 (6th Cir. 2010).

Here, the government has established by a preponderance of the evidence that defendant made his statements voluntarily, knowingly, and intelligently. Video of the interview shows unequivocally that Special Agent ("SA") William Hasty read defendant the *Miranda* rights waiver form (Doc. No. 29, Gov't Ex. 2 at 00:16:06 ["Interview DVD"]); SA Hasty confirmed that defendant understood and could read English (Interview DVD at 00:16:05); SA Hasty provided the *Miranda* waiver form to defendant (Interview DVD at 00:16:35); and defendant then signed the form on his own accord. (Interview DVD at 00:16:40).

Defendant claims that his body language suggests his unwillingness to talk. While it is true that, in the beginning of the interrogation, defendant has his arms inside of his shirt, it appears that he may have been cold at that point. (Interview DVD at 00:09:00.) Regardless, the video reveals

4

that the agents engaged with defendant in a calm, professional, and nonaggressive manner. They offered him something to drink. Nothing on the video suggests that the agents coerced the defendant into confessing. Additionally, defendant does not exhibit signs that he is not comprehending the agents' statements or being coerced into speaking.

Moreover, defendant's statements were not coerced by illusory promises of leniency. A confession is involuntarily coerced when: "(i) the police activity was objectively coercive; (ii) the coercion in question was sufficient to overbear the defendant's will; and (iii) and the alleged police misconduct was the crucial motivating factor in the defendant's decision to offer the statements." *United States v. Mahan*, 190 F.3d 416, 422 (6th Cir. 1999) (citing *McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir. 1988)). "Promises to recommend leniency or speculation that cooperation will have a positive effect do not make subsequent statements involuntary." *United States v. Delaney*, 443 F. App'x 122, 129 (6th Cir. 2011) (quotation marks omitted). Likewise, "promises to inform a prosecutor of cooperation do not, *ipso facto*, render a confession coerced." *United States v. Stokes*, 631 F.3d 802, 809 (6th Cir. 2011) (citing *United States v. Wiley*, 132 F. App'x 635, 640 (6th Cir. 2005)). Usually, promises of leniency are considered objectively coercive only if the promise is broken or illusory. *United States v. Johnson*, 351 F.3d 254, 261–62 & n.1 (6th Cir. 2003). A promise is illusory if it does not actually commit the police to take or refrain from any particular action. *Id.* at 262 n.1.

Here, as the video of the interview shows, SA Hasty told defendant that, if he cooperated, SA Hasty would talk to the prosecutor and/or judge assigned to defendant's case and tell the prosecutor and/or judge that defendant cooperated with the investigation. (Interview DVD at 00:22:35, 01:21:25, 01:39:35.) SA Hasty also told defendant that if he cooperated, it would be beneficial to defendant. (*Id*. at 01:09:19.) SA Hasty promises to "work with" the defendant, but

5

never promises any specific result or sentence. (*Id.* at 01:18:08.) None of SA Hasty's statements were objectively coercive. At most, SA Hasty's statements were promises to recommend leniency and speculation that cooperation would have a positive effect on defendant. As noted, the Sixth Circuit has stated that, "[p]romises to recommend leniency or speculation that cooperation will have a positive effect do not make subsequent statements involuntary." *Delaney*, 443 F. App'x at 129 (quotation marks omitted). Further, defendant does not provide any evidence that SA Hasty did not (or will not) fulfill his promise.

For these reasons, this Court finds there were no errors of law or fact in the R&R. As such, defendant's objections to the R&R are OVERRULED.

## IV. CONCLUSION

For the reasons set forth herein, defendant's objections to the R&R are OVERRULED, the R&R is ACCEPTED, and the motion to suppress is DENIED.

**IT IS SO ORDERED**.

Dated: November 9, 2018

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**