**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18-cr-307 |
| | ) | |
| | ) | |
| PLAINTIFF-RESPONDENT, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RICHODE MEREDITH-HILL, | ) | |
| | ) | |
| | ) | |
| DEFENDANT-PETITIONER. | ) | |

Before the Court is the motion of Richode Meredith-Hill ("Meredith-Hill") to vacate his sentence pursuant to 28 U.S.C. § 2255 for Count Two of his conviction (aiding and abetting brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) relating to Count One (attempted Hobbs Act robbery under 18 U.S.C. § 1951)). (Doc. No. 108 (Motion).) The motion is based upon a Supreme Court decision that was issued after Meredith-Hill's jury trial and appeal. The government filed a response agreeing that that conviction for Count Two should be vacated pursuant to the recent Supreme Court opinion. (Doc. No. 110 (Response).) The government asked that the Court schedule a *de novo* resentencing hearing, which Meredith-Hill, in his reply, agrees is the appropriate procedure. (Doc. No. 111 (Reply).)

## I.  BACKGROUND

In October 2019, following his role in two armed robberies in Northeast Ohio, Meredith-Hill was tried and convicted of attempted Hobbs Act robbery under 18 U.S.C. § 1951 (Count One); aiding and abetting brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) relating to Count One (Count Two); Hobbs Act robbery under 18 U.S.C. § 1951 (Count Three); and aiding and abetting brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) relating to Count Three (Count Four). (Doc. No. 58

(Superseding Indictment); Doc. No. 84 (Judgment Entry).) This Court sentenced him to a total term of 255 months of incarceration, which included concurrent terms of 87 months of incarceration for the attempted Hobbs Act robbery and Hobbs Act robbery (Counts One and Three) and mandatory, consecutive 84 months of imprisonment under § 924(c) for both Counts Two and Four. (Doc. No. 84.)

## II.    DISCUSSION

Meredith-Hill contends that his sentence for Count Two must be vacated in light of a recent Supreme Court decision: *United States v. Taylor*, _ U.S. _, 142 S. Ct. 2015, 213 L. Ed. 2d 349 (2022). Respondent United States of America (the "government") filed a response acknowledging that "[g]iven the recent decision in *Taylor*, 142 S. Ct. 2015, this Court must vacate Meredith-Hill's 924(c) conviction in Count 2." (Doc. No. 110, at 4.[1]) Having reviewed *Taylor*, this Court agrees that Meredith-Hill's conviction for Count Two (aiding and abetting brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) relating to Count One (attempted Hobbs Act robbery under 18 U.S.C. § 1951)) must be vacated.

A defendant can only be convicted under 18 U.S.C. § 924(c) and sentenced to a mandatory, consecutive term of seven years of imprisonment if he brandishes a firearm "during and in relation to a crime of violence." Section § 924(c) defines a "crime of violence" as a federal felony offense that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (elements clause), *id.* § 924(c)(3)(A), or, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (residual clause). *Id.* § 924(c)(3)(B). In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a "crime of violence" because it

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

does not have as an element the use, attempted use, or threatened use of physical force.[2] 142 S. Ct. at 2022, 2025–26 ("[N]o element of attempted Hobbs Act robbery requires the government to prove beyond a reasonable doubt that the defendant used, attempted to use, or even threatened to use force"). Thus, because attempted Hobbs Act robbery no longer qualifies as a crime of violence, Meredith-Hill's conviction under § 924(c) in Count Two lacks any predicate offense and Meredith-Hill is entitled to relief under Section 2255 because he has established actual prejudice by showing, under the recent decision in *Taylor*, his actual innocence on Count Two. *See, e.g.*, *Braden v. United States*, No. 3-21-cv-818, 2022 WL 4370994, at *2 (M.D. Tenn. Sept. 20, 2022) ("Because *Taylor* found that attempted Hobbs Act robbery does not meet the elements clause, it necessarily follows that attempted Hobbs Act robbery . . . is not a crime of violence under Section 924(c).").

While Meredith-Hill initially asked this Court to vacate his sentence on Count Two—84 months of imprisonment—and leave the rest of his sentence "undisturbed," (Doc. No. 108, at 5), he acknowledges in his reply brief that the government is correct that the sentencing package doctrine applies[3] and, thus, Meredith-Hill's entire sentence should be vacated, and the Court should conduct a *de novo* sentencing hearing. (Doc. No. 111, at 1; *see also* Doc. No. 110, at 5–6.) As such, this Court will conduct a *de novo* sentencing hearing in order to resentence Meredith-Hill without a conviction for Count Two.

---

[2] The Supreme Court previously invalidated the residual clause of § 924(c), leaving the elements clause as the only valid basis for identifying a predicate offense. *See United States v. Davis*, _U.S. _,139 S. Ct. 2319, 2323, 204 L. Ed. 2d 757 (2019).

[3] *Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997) ("[W]here a defendant is sentenced on multiple counts under the sentencing guidelines, there is often a 'sentencing package' where sentences imposed on the multiple counts are interdependent. It is clear that the 924(c) offense and the underlying offense are interdependent, and must be considered as components of a single comprehensive sentencing plan. Therefore, § 2255 gives the court jurisdiction and authority to reevaluate the entire aggregate sentence to ensure that the defendant receives the appropriate sentence on the remaining count[s]." (internal citations omitted)); *see also United States v. Mainville*, 9 F. App'x. 431, 436 (6th Cir. 2001) ("The sentencing package doctrine recognizes that when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan, and that if some counts are vacated, the judge should be free to review the efficacy of what remains in light of the original plan.").

**III.    CONCLUSION**

For the aforementioned reasons, Meredith-Hill's conviction under Count Two (18 U.S.C. § 924(c)) is VACATED. Meredith-Hill's conviction under Counts One, Three, and Four remain intact. Meredith-Hill's entire sentence is VACATED, and this Court will conduct a *de novo* sentencing hearing on April 19, 2023, at 12:00 p.m.

Meredith-Hill is referred to Pretrial/Probation for preparation of a revised Presentence Investigation Report in light of this ruling. Meredith-Hill's attorney may be present for her client's interview. The U.S. Pretrial/Probation Office shall provide the defense attorney notice of the date and time for the scheduled interview in the event counsel wishes to be present.

**IT IS SO ORDERED**.

Dated: December 7, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**